UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAMBIS ANVAR, <br> VINCENT COLAPIETRO, <br> MICHELLE DRUM, <br> and MICHAEL OSEAN <br><br> Plaintiffs, <br><br> vs. <br><br> ELIZABETH TANNER, Director of Dept. of Business Regulation, and <br> PETER NERONHA, Attorney General of Rhode Island, <br><br> Defendants. | Case No. _____ |

## **COMPLAINT**

Plaintiffs make the following allegations based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## **INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Rhode Island law, practices, and regulations that discriminate against interstate commerce by prohibiting out-of-state wine retailers from selling, delivering and shipping wine to Rhode Island residents, when in-state retailers are allowed to do so. Plaintiffs challenge R.I. Gen. L. § 3-4-8(a) and 230 R.I. Admin. Code 30-10-1.4.19 (B)(1), which explicitly prohibit a wine retailer located outside the state from delivering wine directly to consumers, and R.I. Gen. L. §§ 3-5-10, 3-5-11, 3-5-15, 3-5-17, and 3-7-18, and 230 R.I. Admin. Code 30-10-1.4.10 (B) and 30-10-1.4.27, which impose a series of residency, delivery and licensing restrictions that have the practical effect of preventing out-of-state wine retailers from lawfully selling and delivering to Rhode Island consumers. The plaintiffs seek a declaratory

1

judgment that this regulatory scheme is unconstitutional in violation of the Commerce Clause, because it discriminates against out-of-state wine retailers engaged in interstate commerce and constitutes unlawful economic protectionism for in-state businesses. The plaintiffs seek an injunction barring the defendants from enforcing these laws, practices and regulations, and requiring them to allow out-of-state wine retailers to sell and deliver wine directly to Rhode Island consumers upon equivalent terms as in-state wine retailers.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution and laws.

2. The Court has authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PLAINTIFFS

3. Plaintiff Kambis Anvar is a resident of East Greenwich, Kent County, Rhode Island. He is a wine consumer over the age of twenty-one, does not live in a dry area, and is legally permitted to purchase, receive, possess and drink wine at his residence. He would purchase wine from out-of-state sources and have it delivered to his residence in Rhode Island, if Rhode Island law, practices and regulations permitted such transactions.

4. Plaintiff Vincent Colapietro is a resident of Narragansett, Washington County, Rhode Island. He is a wine consumer over the age of twenty-one, does not live in a dry area, and is legally permitted to purchase, receive, possess and drink wine at his residence. He would purchase wine from out-of-state sources and have it delivered to his residence in Rhode Island, if Rhode Island law, practices and regulations permitted such transactions.

5. Plaintiff Michelle Drum is a resident of Newport, Newport County, Rhode Island. She is a wine consumer over the age of twenty-one, does not live in a dry area, and is legally permitted to purchase, receive, possess and drink wine at her residence. She has attempted to purchase wines from retailers outside Rhode Island, including online sales sites for K & L Wine Merchants in California and the Wine Library in New Jersey, and have that wine delivered to Rhode Island, but those orders have been declined. She would purchase wine from out-of-state sources and have it delivered to her residence in Rhode Island, if Rhode Island law, practices and regulations permitted such transactions.

6. Plaintiff Michael Osean is a resident of Middletown, Newport County, Rhode Island. He is a wine consumer over the age of twenty-one, does not live in a dry area, and is legally permitted to purchase, receive, possess and drink wine at his residence. He would purchase wine from out-of-state sources and have it delivered to his residence in Rhode Island, if Rhode Island law, practices and regulations permitted such transactions. He is a wine professional.

## DEFENDANTS

7. Defendants are sued in their official capacities.

8. Defendant Peter Neronha is the Attorney General of Rhode Island and is generally empowered to enforce Rhode Island laws.

9. Defendant Elizabeth Tanner is the Director of the Rhode Island Department of Business Regulation, which is charged under R.I. Gen. L. § 3-2-2 with enforcing Rhode Island liquor control laws and regulations, including the ones challenged in this lawsuit.

10. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

**Commerce Clause Violation**

11. A wine retailer located in Rhode Island may obtain a Class A license pursuant to R.I. Gen. L. §§ 3-7-1 or 3-7-3, which authorizes it to sell wine, take orders by telephone or other means that do not require the consumer to appear in person at the store, and deliver the wine from its inventory directly to Rhode Island consumers.

12. A wine retailer located in a state other than Rhode Island is not eligible for a Class A license because it does not have physical premises in a particular city within the state, and R.I. Gen. L. § 3-5-15 provides that only a city or other local licensing authority may issue such a license, and only for premises located within its jurisdiction.

13. A wine retailer located in a state other than Rhode Island cannot become eligible for a Class A license by opening a second physical facility in Rhode Island, because the joint operation of two facilities would violate R.I. Gen. L. § 3-5-11's prohibition against "chain store organizations."

14. Even if it could get a license, a wine retailer located outside Rhode Island could not sell and deliver wine directly to a Rhode Island consumer because R.I. Gen. L. § 3-4-8 and 230 R.I. Admin. Code 30-10-1.4.19(B)(1) require that all wine being shipped into the state must be consigned and delivered to a licensed Rhode Island wholesaler and none may be sent directly to a consumer.

15. Even with a license, most retailers located outside Rhode Island could not sell and deliver wine to consumers in the state because 230 R.I. Admin Code 30-10-1.4.10(B) requires that deliveries be made by an employee of the licensee, which is feasible only for local retailers; which administrative restriction is inconsistent with R.I. Gen. L. §§ 3-7-1 and 3-7-3, which give retailers general authorization to deliver wine without restricting the method.

16. It is unlawful to sell and ship wine to a Rhode Island consumer without a license under R.I. Gen. L. § 3-5-1, so most wine retailer located outside Rhode Island will not deliver or ship wine to Rhode Island consumers

17. Kambis Anvar, Vincent Colapietro, Michelle Drum, and Michael Osean are wine consumers, and they would buy wine directly from wine retailers located outside of Rhode Island and have these wines delivered to their residences if it were lawful to do so.

18. Plaintiffs have contacted several out-of-state wine retailers either on the Internet or by telephone, including retailers located in Connecticut that provide home deliveries in the region, and attempted to buy wine and have it delivered to their Rhode Island residences, but have been refused.

19. Rhode Island is a small market for wine, and many rare, unusual, and heavily allocated wines that are distributed in other states are not stocked or sold by Rhode Island retailers, but are readily available from retailers located in Connecticut, New York and California who will ship and deliver to states where it is lawful to do so.

20. Plaintiffs cannot afford the time and expense of traveling to out-of-state wine retailers to purchase wine and personally transport them home, nor can they minimize the per-bottle cost by buying several cases at a time because R.I. Gen. L. §§ 3-1-1(9), 3-4-1, 3-5-1, and 3-5-7 in combination make it unlawful for a consumer to bring into the state more than 15 bottles (3 gallons) for personal use.

21. The only reason plaintiffs cannot purchase wine from out-of-state retailers and have it delivered is because the laws, regulations, and practices of Rhode Island prohibit direct sales and deliveries of wine from out-of-state wine retailers to in-state consumers.

22. Rhode Island does not require that wine sales and deliveries that originate within Rhode Island be made in person, face-to-face, on a retailer premises, but allows wine to be delivered by

retailers, so there is no legitimate reason other than protectionism to prohibit deliveries from out-of-state sellers.

23. Rhode Island allows retail wine orders placed at an out-of-state winery to be shipped directly from the winery's out-of-state premises to the consumer, so there is no legitimate reason other than protectionism to prohibit such direct shipping from out-of-state retailers.

24. By refusing to license out-of-state retailers to sell and deliver to Rhode Island residents, requiring all imports to be consigned to a Rhode Island wholesaler, restricting its own residents from freely bringing wine into the state, and prohibiting retailers from using cost-effective delivery methods such as common carriers, Rhode Island is effectively requiring its residents to buy wine only from in-state retailers, systematically protecting the economic interests of Rhode Island entities and discriminating against interstate commerce, in violation of the Commerce Clause of the United States Constitution.

**Request for Relief**

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring R.I. Gen. L. § 3-4-8(a) and 230 R.I. Admin. Code 30-10-1.4.19(B)(1) unconstitutional as violating the Commerce Clause of the United States Constitution.

B. Judgment declaring R.I. Gen. L. §§ 3-5-10, 3-5-11, 3-5-15, 3-5-17, 3-7-18, and 230 R.I. Admin. Code §§ 30-10-1.4.19(B)(1), 30-10-1.4-10(B) and 30-10-1.4.27, unconstitutional as applied separately or collectively to prohibit out-of-state retailers from delivering wine directly to consumers as a violation of the Commerce Clause of the United States Constitution.

C. An injunction prohibiting Defendants from enforcing those rules and regulations and requiring them to allow out-of-state wine retailers to sell, ship, and deliver wine directly to customers in Rhode Island.

D. Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of wine.

E. An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

F. Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,
Attorneys for Plaintiffs

/s/ Scott J. Summer
Scott J. Summer (RI Bar No. 4127)
LAWYERSCOLLABORATIVE
The Calart Tower
400 Reservoir Ave., Suite 3A
Providence, RI 02907
Tel:  833-467-7771
Fax:  401-633-7100
sjs@lawyerscollaborative.com

/s/ Robert D. Epstein
Robert D. Epstein (Indiana Attorney No.6726-49)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  317-639-1326
Fax:  317-638-9891
Rdepstein@aol.com

/s/ James A. Tanford
James A. Tanford (Indiana Attorney No. 16982-53)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  812-332-4966
Fax:  317-638-9891
tanfordlegal@gmail.com

/s/ Joseph Beutel
Joseph Beutel (Indiana Attorney No. 35085-49)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  317-639-1326
Fax:  317-638-9891
joe@beutellaw.com