UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KAMBIS ANVAR,
VINCENT COLAPIETRO,
MICHELLE DRUM,
And MICHAEL OSEAN
     *Plaintiffs,*

v.                        C.A. No. 1:19-cv-00523-JJM-LDA

ELIZABETH TANNER, Director of
Department of Business Regulation,
And PETER NERONHA, Attorney
General of Rhode Island
     *Defendants.*

## <u>MOTION FOR LEAVE TO FILE AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS</u>

Now comes the United Independent Liquor Retailers ("Retailers") and requests leave of this Court to file an *amicus curiae* brief in support of Defendants regarding the pending Motion for Summary Judgment. Defendants consent to the filing. Plaintiffs were contacted but have objected.

As grounds therefore, the Retailers would show that they are an association of liquor retailers operating retail liquor establishments in the State of Rhode Island. The Retailers are regulated by state and local governing bodies. Along with manufacturers and wholesalers, the Retailers are part of the three-tier liquor distribution system that predominates in the United States, and which has been upheld as "unquestionably legitimate." <u>Granholm v. Heald</u>, 544 US 460 (2005). In this three-tier scheme, the Retailers are the closest to the consumers, and will be seriously impacted by the holding in this case.

As articulated by the Plaintiffs, their "first challenge" is to Rhode Island's prohibition on out-of-state retailers from delivering wine directly to their consumers. As they put it, "[b]ecause Rhode Island retailers are permitted to make home deliveries of wine to consumers, R.I. Gen. L.

§§ 3-7-1, 3-7-3, the difference in treatment directly discriminates against out-of-state retailers and protects in-state retailers from competition, in violation of the Commerce clause…". Plaintiff's Memorandum in Support of Motion for Summary Judgment, p. 1.  With their unique perspective, the Retailers intend to explain to the Court why that argument is incorrect.

Plaintiffs' second challenge also cries out for input from the Retailers.  Plaintiffs claim that although the direct shipping provisions in Rhode Island Gen. Laws 3-4-8(a) are not facially discriminatory, it impermissibly discriminates between in state and out of state retailers in violation of the nondiscrimination rule applicable to facially neutral laws.  Once again, the impact of this argument on the Retailers is significant, and their point of view will assist the Court.

The Retailers desire to file to offer their unique perspective to the Court, as the present Defendants have their own roles to play, and the Retailers would complete the picture that they present.  The Retailers agree to abide by any deadlines set for Defendants' submissions to the Court.

United Independent Liquor Retailers,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
*/s/ Rebecca Tedford Partington*
Rebecca Tedford Partington, Esq. (#3890)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
rebecca@desistolaw.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on this 24th day of January 2022 and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Scott J. Summer, Esq. (#4127)
sjs@lawyerscollaborative.com

Gerald J. Petros, Esq. (#2931)
gepetros@hinckleyallen.com

Lauren E. Hill, Esq. (#9830)
lhill@riag.ri.gov

Joseph Beutel, Pro Hac Vice.
joe@beutellaw.com

Deborah A. Skakel, Pro Hac Vice.
dskakel@blankrome.com

Ryan M. Gainor, Esq. (#9353)
rgainor@hinckleyallen.com

Andrea M. Shea, Esq. (#9702)
ashea@riag.ri.gov

James A. Tanford, Pro Hac Vice.
tanford@indiana.edu

Robert D. Epstein, Pro Hac Vice.
rdepstein@aol.com

*/s/ Marc DeSisto*