## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAMBIS ANVAR and MICHELLE DRUM,<br>    Plaintiffs,<br><br>v.<br><br>ELIZABETH KELLEHER DWYER, Interim Director of Department of Business Regulation, and PETER F. NERONHA, Attorney General of Rhode Island,<br>    Defendants,<br><br>RHODE ISLAND RESPONSIBLE BEVERAGE ALCOHOL COALITION, INC.,<br>    Intervenor Defendant. | C.A. No. 19-523-JJM-LDA |

## ORDER

Plaintiffs have moved to strike Defendants' Evidence and Briefs claiming a violation of their duty to disclose and supplement under Fed. R. Civ. P. 26(e). ECF No. 110. They seek an order excluding the new evidence as a sanction under Fed. R. Civ. P. 37(c)(1), citing *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001). The new evidence includes five previously unidentified witnesses and 537 pages of new documents. ECF No. 106.

The Plaintiffs appealed this Court's Order granting summary judgment to the Defendants and denying summary judgment to the Plaintiffs. ECF No. 92. The First Circuit partly affirmed and partly vacated the Court's grant of summary judgment.

*Anvar v. Dwyer*, 82 F.4th 1, 11-12 (1st Cir. 2023). On remand, the First Circuit set forth the evidentiary issues that the Court must now consider:

> At no point did the court engage with any "concrete evidence" as to how the in-state-presence requirement furthers the legitimate aims of the Twenty-first Amendment. For instance, the court made no mention of whether such enforcement actions actually take place, whether such efforts have effectively curtailed behavior deleterious to the public health, or whether the requirement has tangibly benefited public health and safety in some other way.
>
> Nor did the district court explicitly consider whether the plaintiffs' arguments or proffered evidence were sufficient to rebut the defendants' stated justification for the in-state-presence requirement.

*Id.* at 10 (citations omitted). The First Circuit noted that "the district court may, of course, take additional evidence on this issue if it sees fit." *Id.* at 11. The Court held a chambers status conference on October 12, 2023, and then entered a stipulated order setting forth a briefing schedule. ECF No. 101. When the Court asked about the need for added evidence in the record, all parties said emphatically that the Court could decide the issue on remand "on the existing record."

Based on these representations, the Plaintiffs filed their supplemental memorandum on November 21, 2023, relying on the existing evidence in the record. ECF No. 102. On January 22, 2024, the State Defendants filed their memorandum, which included extensive, newly identified evidence for the record. ECF No. 106. The Defendant-Intervenor filed its memorandum on the same day, citing the Defendants' new evidence. ECF No. 107.

A party's duty to supplement discovery and disclosures is a bedrock principle of civil procedure.

2

> (e) **Supplementing Disclosures and Responses.**
>
> **(1)** *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Fed R. Civ. P. 26(e).

Here, not only did the State not timely supplement, but it also did not inform the Court and opposing counsel that it intended to produce extensive undisclosed evidence into the record. The consequences of this failure by the State are that the Plaintiffs prepared and filed a meaningless memorandum because it was drafted without knowledge of the added evidence, which the State did not disclose.

The question for the Court is what sanction it should impose for the State's failings. The Plaintiffs urge the Court to exclude the nondisclosed evidence and to strike the Defendants' memorandum. Such a sanction, which might otherwise seem to the Court to be a suitable sanction for this conduct, is too extreme in this case. The question of the constitutionality of a state statute is at stake here. The Court should not make its decision influenced by a procedural deficiency by the State. The Court may, however, "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

The Court therefore GRANTS the Plaintiffs' Motion to Strike in part (ECF No. 110) and ORDERS the following:

1. The State and Defendant-Intervenor Memoranda, Exhibits, and Declarations are STRICKEN. ECF No. 106, 107, 108, and 109.
2. New witnesses and exhibits must be properly disclosed per Fed. R. Civ. P. 26(a).
3. The Plaintiffs are allowed reasonable discovery on the newly produced evidence.
4. The parties must meet and confer to figure out a discovery schedule and a new briefing schedule. The parties will file the new schedule as a stipulation on the record. Defendants will be allowed to refile (as previously filed, or revised) its Memoranda, Exhibits, and Declarations after Plaintiffs submit their brief.
5. The State must reimburse the Plaintiffs for the attorney's fees and costs of researching, drafting, and filing their Memorandum (ECF No. 102) and their Motion to Strike and Reply. ECF Nos. 110, 112.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

February 20, 2024