UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAMBIS ANVAR and MICHELLE DRUM, <br>     Plaintiffs, <br><br> v. <br><br> ELIZABETH DWYER, Director of Dept. of Business Regulation, and PETER NERONHA, Attorney General of Rhode Island, <br><br>     Defendants, <br><br> RHODE ISLAND RESPONSIBLE BEVERAGE ALCOHOL COALITION, INC., <br>     Intervenor-Defendant. | C.A. No. 1:19-cv-00523-JJM-LDA |

ORDER

This matter is scheduled to come before the Court on February 2, 2025, for a hearing on the parties' cross-motions for summary judgment. Before holding this hearing, however, the Court wants arguments as to whether these Plaintiffs have standing to challenge the constitutionality of Rhode Island's laws restricting out-of-state retailers from delivering or shipping wine to a consumer in Rhode Island. For a plaintiff to establish standing they must prove (1) they suffered an injury in fact, (2) that is fairly traceable to the defendant's challenged action, and (3) a favorable decision will likely redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, (1992).

At issue is whether Plaintiffs satisfy the third prong of the standing requirements—redressability. Upon appealing the Court's initial order granting Defendants' Motion for Summary Judgment, Plaintiffs did not timely appeal the Court's decision that Rhode Island General Laws § 3-7-18—which requires that licensed retailers purchase alcohol only from licensed in-state wholesalers—is constitutional under the Twenty-first Amendment. *See Anvar v. Dwyer*, 82 F.4th 1, 9 (1st Cir. 2023). Accordingly, the First Circuit affirmed the Court's summary judgment entry as to the constitutionality of § 3-7-18. *Id.* This affirmation is what appears to create redressability issues on remand.

Plaintiffs' (individual consumers of wine in Rhode Island) purported injury is that they cannot have wine purchased from out-of-state alcohol retailers delivered or shipped to them because of Rhode Island's statutory scheme that essentially (1) restricts the ability to make home deliveries of alcohol only to in-state alcohol retailers and (2) prohibits *any* alcohol retailer from using a common carrier to ship alcohol directly to a Rhode Island consumer. But the intact requirement, under § 3-7-18, that licensed retailers purchase only from Rhode Island wholesalers appears to prevent the Court from redressing Plaintiffs' injury upon a favorable determination that the in-state presence requirement for alcohol retailers and common-carrier restriction are unconstitutional. Specifically, Plaintiffs themselves point out that if out-state-alcohol retailers could obtain a license to sell and deliver alcohol in Rhode Island, § 3-7-18 would require them to buy their alcohol from Rhode Island wholesalers. In that scenario, Plaintiffs admit that "no out-of-state retailer could

comply because they are required to buy their wine from wholesalers in their home states." ECF No. 121-1 at 20.

Such a concession suggests that, for Plaintiffs' injury to be redressed, officials in those out-of-state alcohol retailers' home states would have to be enjoined from enforcing their laws requiring licensed alcohol retailers to buy alcohol from in-state wholesalers. Those out-of-state officials are not before the Court as to permit it to enjoin them for enforcing such laws. Thus, it seems "speculative" rather than "likely" that a favorable decision from the Court could redress Plaintiffs' injury because of the hurdle other states' statutory and regulatory alcohol schemes poses to out-of-state retailers' ability to sell and deliver alcohol to Rhode Island. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (noting that to prove redressability it must be "likely," rather than "merely speculative" that a favorable decision would redress the plaintiff's injury).

That said, Plaintiffs posit that if the Court finds the challenged laws unconstitutional, their injury is likely redressable because the Court is empowered to fashion a remedy to fit the constitutional violations—including enjoining Defendants from enforcing § 3-7-18. ECF No. 121-1 at 21. Plaintiffs cite to various cases for the proposition that courts can and do enjoin otherwise lawful conduct when necessary to carry out injunctions and prevent continuing violations. *See id.* But as Defendants point out, none of the cases Plaintiffs cite to answer whether the Court can enjoin the enforcement of a constitutional statute to redress injuries from

3

separate, unconstitutional statutes.[1]  ECF No. 123-1 at 63.  Thus, Plaintiffs present no authority—controlling or persuasive—that would sanction this Court to fashion the remedy they seek for redressing their injury.

Moreover, Defendants relevantly note that enjoining a statute on remand that the First Circuit affirmed as constitutional may run afoul the "law of the case" doctrine.  *Id.* at 57.  This doctrine provides that "[w]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand." *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991) (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1] (2d ed. 1991)).  Here, when the First Circuit affirmed the Court's summary judgment decision as to the constitutionality of § 3-7-18, that affirmation became the law of this case.  *See Anvar*, 82 F.4th at 9.  Accordingly, the Court is bound, on remand, to follow the affirmed determination that § 3-7-18 is constitutional.  *Rivera-Martinez*, 931 F.2d at 150.

Plaintiffs' arguments make it seem like they are not resurrecting their previous challenges to § 3-7-18s constitutionality because they characterize the need to enjoin that statute as merely a means to redress Plaintiffs' injury—if the Court

---

[1] Plaintiffs cite to *U.S. v. Loew's, Inc.*, 371 U.S. 38 (1962), *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899 (8th Cir. 2012), and *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir. 1994) to suggest that the Court can enjoin a constitutional statute to bring about injunctive relief regarding statutes found unconstitutional.  But none of these cases reflect such a scenario.  Rather, these cases are examples of courts enjoining lawful *conduct* related to or connected with illegal conduct.  *See Loew's, Inc.*, 371 U.S. at 52-53 (1962); *Capitol Records,* 692 F.3d at 906; *E.E.O.C. v. Wilson Metal Casket Co.,* 24 F.3d at 842.

finds Rhode Island's in-state presence requirement for alcohol retailers unconstitutional. *See* ECF No. 121-1 at 21. But it is hard to read Plaintiffs' arguments as anything but a claim that § 3-7-18 would be unconstitutional as applied to out-of-state alcohol retailers—if they could obtain alcohol retail licensure in Rhode Island—because their home state laws would require them to buy alcohol only from a wholesaler within their state. Thus, Plaintiffs covertly ask the Court to do what the law-of-the-case doctrine prohibits—addressing anew, on remand, an issue that the First Circuit decided and disposed of. *See Rivera-Martinez*, 931 F.2d at 151-52 (holding that the trial court erred, under the law of decision doctrine, because it failed to bind itself to the appellate court's decision on an issue by revisiting the issue on remand).

Overall, Plaintiffs' arguments currently do not convince the Court that it can enjoin § 3-7-18 because (1) there is a dearth of authority that supports the Court's ability to fashion such a remedy, and (2) enjoining the statute would run afoul the law-of-the-case doctrine. As noted above, § 3-7-18s intactness thwarts the likelihood that a favorable decision could redress Plaintiffs' injury. Thus, the Court orders Plaintiffs to show cause for why the Court should not dismiss this action for lack of standing. It will be helpful for Plaintiffs' response to address the following:

1. Is there any federal court case in which a court enjoined enforcement of a constitutional statute to effectuate an injunction on enforcing a separate unconstitutional statute?
2. Would enjoining § 3-7-18 run afoul of the law-of-the-case doctrine?

5

3. Is there any state that does not require an alcohol retailer to buy alcohol from an in-state wholesaler? If so, would that permit an alcohol retailer in that state to buy alcohol from a Rhode Island wholesaler and sell/deliver the alcohol to a consumer in Rhode Island if the Court finds in-state presence requirement for alcohol retailers was found unconstitutional?

Plaintiffs shall file a supplemental brief responding to this show cause order on or before November 29, 2024, and Defendants shall file its response on or before December 13, 2024. If Plaintiffs fail to show standing, the Court will DISMISS this action.

IT IS SO ORDERED.

*s/John J McConnell, Jr.*
_____
John J. McConnell, Jr.
Chief United States District Judge

November 13, 2024

6